# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2016

Lyle W. Cayce
Clerk

ELIZABETH M. LEAL,

Plaintiff - Appellant

v.

CORPUS CHRISTI-NUECES COUNTY PUBLIC HEALTH DISTRICT;
ANNETTE RODRIGUEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-302

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

In this appeal, Elizabeth Leal challenges the district court's dismissal of her First Amendment retaliation suit against the Corpus Christi-Nueces County Public Health District. Because Leal plausibly alleged that the Health District's director was a final policymaker, we VACATE this portion of the district court's judgment and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41503

## BACKGROUND

Leal was employed by the Corpus Christi-Nueces County Public Health District as the Administrative Research Director. According to her complaint, in 2014, she told the Corpus Christi Police Department that she believed the Health District's director was misusing taxpayer and grant funds and also not working hours she was being paid for. The director, Annette Rodriguez, allegedly retaliated against Leal for making this report. The acts of retaliation included unfairly scrutinizing the plaintiff's time and attendance, instituting an ad hoc dress code on an employee supervised by plaintiff, questioning purchases made months earlier that had been made with Annette Rodriguez's approval, undermining the plaintiff's decisions, and unfairly criticizing the plaintiff's job performance, and the performance of others who she supervised. Leal ultimately resigned from the Health District because she couldn't take Rodriguez's harassment anymore. She alleges that this was a constructive discharge in retaliation for her First Amendment protected report to law enforcement. She filed suit against the Health District alleging a violation of 42 U.S.C. § 1983 for First Amendment retaliation and against Rodriguez alleging various state law claims. On the defendants' motion, the district court dismissed all the claims with prejudice for failing to state a claim.

## DISCUSSION

We review de novo the district court's decision to dismiss for failing to state a claim. *See Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015). Leal's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). This court construes the complaint in the light most favorable to Leal and draws all reasonable inferences in Leal's favor. *See Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

2

No. 15-41503

As an initial matter, Leal only appeals the dismissal of her First Amendment retaliation claim against the Health District. The district court dismissed her entire suit, against both the Health District and Rodriguez individually, for failure to state a claim. In fact, the district court found that Leal had never even asserted a § 1983 claim against Rodriguez. In her opening brief, Leal only quarrels with the district court's dismissal of the retaliation claim against the Health District. The brief even recites that "plaintiff has no issues with the other rulings in the district court's order." In reply, Leal attempts to revive her claims against Rodriguez by arguing that the same rationale for reversing the district court on the claim against the Health District applies to her claim against Rodriguez. That's not true and, in any event, it is too late since this court does not consider arguments raised for the first time in a reply brief. *See Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 602–03 (5th Cir. 2015). Thus, Leal has abandoned all her other arguments against the district court's ruling.

Turning to this appeal's sole issue, the Health District can only be liable under § 1983 for the retaliatory actions of Rodriguez if those actions represent the District's official policy in the area of retaliation—in this case, personnel or employee matters. *See Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (per curiam). One way of showing that Rodriguez's actions represent the District's official personnel policy is by establishing that Rodriguez is the District's final policymaker on personnel matters. *See id.* Final policymaking authority is often understood as the power to set the ultimate standards and rules for an organization. *See Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 382 (5th Cir. 2007). The status of an official as the final policymaker is a matter of state and local law. *See Bolton*, 541 F.3d at 548.

In this case, contrary to the district court's conclusion, Leal has adequately alleged that Rodriguez is the Health District's final policymaker in

personnel matters. As the district court rightly recognized, Leal's allegation that Rodriguez is the "top level, final policy maker for Nueces County with respect to operating the Health District" is a legal conclusion that we do not credit in assessing the adequacy of her complaint. However, several other factual assertions plausibly allege Rodriguez's final policymaker authority.

First, Leal's complaint asserts that Rodriguez is the Health District's director. As her brief makes clear, the director of a public health district is a position created by state law. *See* Tex. Health & Safety Code § 121.045(b). That law provides that the director is the "chief administrative officer" of the district. *See id.* It is at least plausible that a person holding that position would be the final policymaker with respect to personnel matters.

Second, Leal's complaint details that Rodriguez instituted a dress code, that Rodriguez had the authority to scrutinize time, attendance, and purchasing records, and that complaints to the human resources director did not improve Leal's situation. Taken together and drawing reasonable inferences in Leal's favor, these factual assertions plausibly allege that Rodriguez had the ability to set personnel policies and that, in this regard, she may have outranked the human resources director.

Though our case law has found other head administrators to lack final policymaking authority, such a conclusion must rest on a nuanced analysis of the relevant state and local law and is generally made on summary judgment after factual development.[1] *See, e.g., Bolton*, 541 F.3d at 550–51; *Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 528–31 (5th Cir. 2006). Thus, at least at

---

[1] The Health District attached its governing document to its motion to dismiss to show that Corpus Christi and Nueces County retain policymaking authority over the Health District. Since Leal did not refer to this document in her complaint and the district court did not consider it in its ruling below, this court does not consider it in this appeal. *See Taylor v. City of Shreveport*, 798 F.3d 276, 279 & n.4 (5th Cir. 2015).

this stage, Leal's complaint has plausibly alleged that Rodriguez has final policymaking authority for the Health District.

For these reasons, we **VACATE** the judgment of the district court dismissing Leal's § 1983 complaint against the Health District and **REMAND** for further proceedings.